UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH VIDAL,

                                                 Plaintiff,

       -v.-                                                          1:12-CV-0221 (ATB)

DENTSPHY INTERNATIONAL
PREVENTATIVE CARE DIVISION, L.P.,

                                                 Defendant.
_____

JOSEPH VIDAL, Plaintiff pro se
JUDI ABBOTT CURRY, ESQ., Attorney for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

      On February 2, 2012, defendant removed this action from the New York State Supreme Court, Washington County, alleging jurisdiction based upon diversity of citizenship . (Dkt. No. 1). Defendant filed its answer to the complaint on February 8, 2012. (Dkt. No. 5). In his complaint, plaintiff alleges that, while he was an inmate at Great Meadow Correctional Facility in 2008, a facility dental hygienist, cleaned plaintiff's teeth, using an Ultrasonic Scaler, manufactured by defendant. (Dkt. No. 1-3, Ex. A). Plaintiff claims that during the cleaning, the defendant's device emitted a surge of electricity, causing a hairline fracture in plaintiff's tooth. (*Id.* ¶ 22). Plaintiff claims that as a result, the plaintiff's tooth had to be extracted, and plaintiff suffered injury and pain. (*Id.* ¶¶ 31-35).

      The complaint contains seven causes of action. (*Id.* ¶¶ 38-65). Plaintiff claims that the Ultrasonic Scaler was not fit for its intended purpose, was unsafe, was not of "merchantable quality," and was defective in various respects, including design. (*Id.*

¶¶ 38-47).  Plaintiff alleges failure to warn, breach of warranty, and strict liability in tort. (*Id.* ¶¶ 45-51).  At the end of the complaint, plaintiff states that he is asking for "judgment against the defendant on each causes [sic] of action in the amount of Seventy Thousand ($70,000.00); for ***a total judgment against the defendant in the sum of $70,000.00*** with interest, together with the cost and disbursements of this action . . . ." (*Id.* at p.10) (emphasis added).

On April 12, 2012, the Honorable David N. Hurd, United States District Judge referred this case to me for all further proceedings including the entry of judgment pursuant to 28 U.S.C. § 636(c) and the consent of both parties. (Dkt. No. 12).

## I.      Subject Matter Jurisdiction

Removal to federal court is proper if there is federal subject matter jurisdiction over the claim being brought. *See* 28 U.S.C. § 1441.  The diversity statute confers original jurisdiction on the federal district courts with respect to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003); 28 U.S.C. § 1332(a).  The party asserting jurisdiction bears the burden of proving that the case is properly in federal court. *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir.1994).  It must appear to a "reasonable probability" that the claim is in excess of the jurisdictional amount. *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 196-97 (D. Conn. 2004) (citing *inter alia Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.

2000)).  The court must resolve any doubts against removability.[1]  *Lupo v. Human Affairs, Intern., Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

In order to determine the jurisdictional amount, courts recognize a rebuttable presumption that the face of the complaint is a good-faith representation of the "'actual amount in controversy.'" *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296 (E.D.N.Y. 2005) (quoting *Scherer*, 347 F.3d at 398).  When a case is removed from state court, the defendant is the party seeking federal jurisdiction.  The defendant must, therefore, establish by a reasonable probability that the amount in controversy is over the threshold. *Id.* (citing *United Feel & Comm. Workers Union, Local 919, AFL-CIO*, 30 F.3d at 301) (where jurisdiction is asserted by the defendant in a removal petition, the defendant has the burden of establishing that removal is proper).  While the Second Circuit normally requires the party contesting the amount in controversy to establish to a "legal certainty" that the jurisdictional amount has not been met, the language of legal certainty is dropped in a case removed from state court. *Id.*

Defendant removed this action, believing that the jurisdictional limit was met.[2]  However, even though each relief section requests $70,000.00, and the first sentence of the "Wherefore" clause demands judgment against defendant on "each" cause of action in the amount of $70,000.00, plaintiff then states that the "total judgment"

---

[1] The court recognizes and has considered the competing interest that pro se pleadings are to be interpreted liberally and to raise the strongest arguments they suggest. *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2] There is no dispute regarding diversity of citizenship, and that basis for subject matter jurisdiction is met.

3

against defendant would be the sum of $70,000.00. (Dkt. No. 1, Exh. A at p.10). Because of the confusion on this issue, the court held a telephone conference on May 1, 2012, during which the jurisdictional amount was discussed.[3]

At the telephone conference, I ordered defendant to file supplemental papers supporting its claim of diversity jurisdiction or to consent to remand this action if diversity jurisdiction does not exist.[4] (Text Order dtd. May 1, 2012).  On May 16, 2012, defense counsel filed a "Status Report," consenting to remand this action to New York State Court. (Dkt. No. 14).  Based upon the court's findings, made during the telephone conference and upon defendant's consent to remand, this court finds that subject matter jurisdiction is lacking in this case.  Because federal jurisdiction is lacking, the court must order remand to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**WHEREFORE**, based on the above, it is

**ORDERED**, that this case be **REMANDED** to the New York State Supreme Court, Washington County based upon a lack of subject matter jurisdiction.

Dated: May 23, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[3] Given the nature of plaintiff's injuries, even $70,000.00 appears to be an unusually high estimate of the damages incurred.  While plaintiff may have had some pain and discomfort, as an inmate, he had no medical expenses and lost no meaningful legitimate income as a result of the problems with his tooth.

[4] At the conference, plaintiff did not object to being in either state or federal court.